Commissioner Laura Kranifeld Mavretic met with the panel deciding this matter following the retirement of Commissioner James J. Booker, who was on the original panel that heard this case.
The portion of the Full Commission's prior Opinion and Award which was reversed concerned the issue of conditioning plaintiff's right to receive continued temporary total disability compensation on her undergoing reasonable vocational rehabilitation provided by defendants. The remainder of the Full Commission's 12 January 1995 Opinion and Award was Affirmed. In accordance with the 26 August 1996 decision from the North Carolina Court of Appeals, the Full Commission hereby MODIFIES its 12 January 1995 Opinion and Award to RESCIND those portions of the Conclusions of Law and Award section which conditioned plaintiff's right to receive continued benefits on her undergoing rehabilitation. The rest of the 12 January 1995 Opinion and Award is unchanged, leaving the final Opinion and Award which follows.
* * * * * * * * * *
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Neill Fuleihan and the briefs and oral arguments before the Full Commission. The appealing parties have not shown good ground to reconsider the evidence; receive further evidence; or to amend the Opinion and Award. It has been modified, however, in accordance with the decision of the Court of Appeals.
An Industrial Commission Form 21, Agreement for Compensation for Disability, approved by the Commission on 20 April 1993, is incorporated herein by reference.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On 10 May 1991, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer, resulting in an injury to his right leg.
2. At such time, Wausau Insurance Company was the carrier on the risk.
3. At such time, plaintiff's average weekly wage was $412.31.
4. Additionally, a series of medical records and reports from Charlotte Memorial Hospital, Gaul Orthopedic Group, Loma-Linda University Medical Center and Orthopedic Hospital of Charlotte, are received into evidence by stipulation of the parties.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the initial hearing before Deputy Commissioner Fuleihan, plaintiff was fifty-eight years of age with an employment history of truck driving, and furniture machining and finishing. Plaintiff attended school until the sixth grade, but he is functionally illiterate.
2. In 1986, plaintiff had surgery for a tibial fracture just below the right knee and surgery for a hip fracture. Following the operations, plaintiff had no further significant problems with his right leg, although he did walk slower.
3. On 10 May 1991, plaintiff was employed by defendant-employer as an assistant long-haul truck driver, and had been so employed for two and one-half months. On 10 May 1991, while in California, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer, when he tripped and fell down some steps, resulting in a fracture to his right femur just above his right knee. Immediately thereafter, plaintiff obtained emergency medical treatment in California. Upon his return to North Carolina, plaintiff underwent surgery, performed by Dr. Bruce Darden on 23 May 1991, to repair the right femur fracture. Plaintiff received post-operative medical care and treatment from Dr. Darden until 27 November 1991.
4. On 27 November 1991, plaintiff reached maximum medical improvement from his 10 May 1991 compensable injury and resulting surgery and, as a result thereof, has a fifteen (15) percent permanent partial disability to his right leg. At that time, Dr. Darden released plaintiff to return to work without any permanent restrictions, but advised plaintiff that he could not return to truck driving.
5. From 27 November 1991 to September of 1993, plaintiff did not seek any medical treatment from Dr. Darden for his 10 May 1991 compensable injury to his right leg. Plaintiff saw Dr. Darden in September of 1993, with complaints of pain in his right knee for which Dr. Darden is treating plaintiff with pain medication.
6. As a result of his injury, plaintiff uses a cane to walk, has pain in his right leg, has right leg cramps after prolonged sitting, cannot squat, has difficulty standing, and is sensitive to cold temperatures in his right leg.
7. Considering his age, literacy skills and employment history and as a result of his 10 May 1991 compensable injury and the residuals thereof, plaintiff has been unable to earn any wages in any employment since 10 May 1991.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 10 May 1991, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer, and as a result thereof, has been temporarily totally disabled from 10 May 1991 to the present for which he is entitled to temporary total disability compensation at the rate of $275.01 per week beginning on 10 May 1991 and continuing for so long as plaintiff is so disabled, subject to a credit for temporary total disability compensation paid heretofore. N.C. Gen. Stat. § 97-2(6); N.C. Gen. Stat. § 97-29.
2. Defendants are to provide all medical compensation, including required vocational rehabilitation, to the extent it tends to effect a cure, give relief or lessen the period of disability from his 10 May 1991 compensable injury. N.C. Gen. Stat. § 97-2(19); N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay plaintiff, on account of his temporary total disability, compensation at the rate of $275.01 per week beginning 10 May 1991 and continuing for so long as plaintiff is so disabled, subject to a credit for temporary total disability compensation paid heretofore. Amounts which have accrued shall be paid plaintiff in a lump sum subject to a reasonable attorney fee hereinafter approved.
2. Defendants shall pay all medical compensation incurred, or to be incurred, by plaintiff as a result of his compensable injury of 10 May 1991, when bills for the same have been approved according to procedures established by the Commission.
3. A reasonable attorney fee of twenty-five (25) percent of the compensation due plaintiff under paragraph (1) of this Award is approved for plaintiff's counsel and shall be paid as follows: twenty-five (25) percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel. Thereafter, every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to plaintiff's counsel.
4. Defendants shall pay all costs, including an expert witness fee of $360.00 to Dr. Bruce Darden.
 S/ ____________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ____________________________ COY M. VANCE COMMISSIONER
S/ ____________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER